IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES RIVER INSURANCE COMPANY, )
                                        )
    Plaintiff, )
                                        )
v. ) CASE NO. CV410-062
                                        )
KANNON & KANNON INSURANCE, INC., )
a foreign corporation; JAKE )
KANONITZ, an individual; and )
KARINE MAIER, an individual and )
as the Executrix of the Estate )
of James R. Maier, )
                                        )
    Defendants. )
                                        )

## O R D E R

Before the Court is Defendant Kannon & Kannon Insurance, Inc. and Defendant Jake Kanonitz's ("Defendants")[1] Motion to Dismiss for Lack of Jurisdiction, Improper Venue, and in the Alternative, to Transfer Case. (Doc. 12.) For the reasons that follow, the motion is **GRANTED** because this Court lacks personal jurisdiction to hear this dispute against Defendants.

## BACKGROUND

This case is an outgrowth of other litigation pending before this Court. In a separate action, Defendant Maier filed

---

[1] Defendant Karine Maier, an individual and as the executrix of the estate of James R. Maier, did not file an objection to personal jurisdiction in this case and is not affected by this order. The use of "Defendants" refers only to the other defending parties specifically listed above.

1

suit against several defendants concerning the death of James Maier as a result of a collision involving a tractor trailer. (Doc. 1 at 2-3; CV409-172, Doc. 1, Attach. 2.) This is an action for declaratory relief concerning the scope of coverage under an insurance professional's errors and omissions policy. (Doc. 1 at 1.) The main issue concerns whether the policy, which provides coverage for insurance agent services, excludes bodily injury. (Id.)

Defendants argue that this Court lacks personal jurisdiction, that venue is improper, and that this district is not the most convenient forum. (Doc. 12.) Defendant Karine L. Maier has not objected to this Court's assertion of personal jurisdiction and, to the contrary, asserts that venue is proper in this district and opposes transfer. (Doc. 16.)

## ANALYSIS

I. <u>STANDARD OF REVIEW</u>

In response to a motion to dismiss for lack of personal jurisdiction when no evidentiary hearing is held, the plaintiff has the burden of proving a prima facie case of jurisdiction with respect to the contesting defendant. <u>Sec. Exch. Comm'n v. Prime Time Group, Inc.</u>, 2010 U.S. Dist. LEXIS 18171, at *9-*10 (S.D. Fla. Mar. 2, 2010) (unpublished) (citing <u>Robinson v. Giarmarco & Bill, P.C.</u>, 74 F.3d 253, 255 (11th Cir. 1996)). To

meet this standard, the plaintiff must present sufficient evidence concerning jurisdiction to survive a motion for directed verdict. Id. The complaint's allegations that are uncontroverted by affidavit are accepted as true, but when the evidence conflicts, all reasonable inferences are construed in favor of the plaintiff. Id.

II. BASIS OF JURISDICTIONAL POWER & DUE PROCESS LIMITATIONS

Two separate concepts restrict this Court's exercise of personal jurisdiction in diversity cases. The first limitation is that district courts can only assert personal jurisdiction over nonresident defendants if doing so would be consistent with the long-arm statute of the state in which the court sits. Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 746 (11th Cir. 2002). Accordingly, this Court has personal jurisdiction over a nonresident defendant only if the Georgia Long-Arm Statute, O.C.G.A § 9-10-91, so provides.

The second limitation is that the exercise of personal jurisdiction under Georgia's Long-Arm Statute must comport with the requirements of constitutional due process. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249 (11th Cir. 2010). If minimum contacts are sufficiently established, other factors are examined to determine the ultimate fairness of asserting personal jurisdiction, such as "the burden on the

defendant; the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, (1980) (citations and quotations omitted).

III. THIS COURT'S JURISDICTION OVER DEFENDANTS UNDER GEORGIA'S LONG-ARM STATUTE AND THE EXERCISE OF SPECIFIC OR GENERAL PERSONAL JURISDICTION

Defendants' motion claims that they do not have "contacts with Georgia sufficient" for this court to constitutionally assert personal jurisdiction. (Doc. 12 at 3-4.) Notably, Defendants' case citations are to exclusively federal judicial decisions that discuss constitutional concepts of personal jurisdiction. (Id.) Conspicuously absent from Defendants' motion is any mention of the Georgia Long-Arm Statute or any citation to a federal or Georgia decision interpreting or applying the requirements of the Georgia Long-Arm Statute. Notwithstanding what appears to be an omission of one of the two prongs of the required jurisdictional analysis, the Court must still review the issue. Ultimately, this Court "must interpret

and apply Georgia's long-arm statute in the same way as would the Georgia Supreme Court." Diamond Crystal, 593 F.3d at 1258.

Plaintiff counters that Defendants are subject to personal jurisdiction under subsections (1), (2), and (3) of O.C.G.A. § 9-10-91. (Doc. 25, 8-12.) Plaintiff also argues that the exercise of personal jurisdiction comports with due process. (Id.) Plaintiff cites a variety of facts in an attempt to demonstrate minimum contacts. While many of these would be useful to an analysis focusing on general jurisdiction, the Georgia Long-Arm Statute has historically operated exclusively on the basis of specific jurisdiction. See Pratt & Whitney Can. v. Sanders, 218 Ga. App. 1, 2 (1995) (noting that domestic corporations and resident foreign corporations may be subject to general jurisdiction, but that "jurisdiction is limited by the long-arm statute when dealing with nonresident foreign corporations.").

Although a more recent case appears to recognize general jurisdiction over a nonresident foreign corporation in Georgia, the Georgia Court of Appeals made clear that a "continuous and systematic business contact that justifies the exercise of general jurisdiction" was required. Mitsubishi Motors Corp. v. Colemon, 290 Ga. App. 86, 89 (2008). Colemon stated the importance of additional factors over and above the mere minimum

contacts required to constitutionally exercise personal jurisdiction:

> When the suit does not arise out of the defendant's contacts with the forum, the state is said to exercise general jurisdiction, and factors relevant to the existence of such jurisdiction include regularly doing business in the state, deriving substantial revenue from goods or services in the state, having agents or employees in the state, maintaining an office in the state, and having subsidiaries or business affiliates in the state.

Id. This Court concludes that the evidence presented by Plaintiff, after completion of jurisdictional discovery, falls short of the threshold required to demonstrate that Defendants are subject to general jurisdiction.

A review of those contacts is useful. Defendants wrote insurance for approximate "a hundred" trucking companies that "cross state lines" and travel into Georgia. (Doc. 25, Attach. 1 at 12, 20-21.) Defendants accessed Georgia driver motor vehicle records "maybe once or twice," but noted that Soft Tech International's software product retrieves information from the Georgia DMV. (Doc. 15.) Defendants primarily sell insurance policies in south Florida, but occasionally are involved with companies based as far north as Palm Beach, Orlando, and Tampa." (Doc. 25, Attach. 1 at 17.) No evidence has been presented about the amount of revenue Defendants received from these policies, much less any information about specific portions that

6

can be attributed to the use of those policies in Georgia. Although Defendant Kanonitz held a temporary insurance license in Georgia from September 2006 through December 2007 (Doc. 25, Attach. 1 at 8), that license expired prior to the accident in the underlying case and well before this action was commenced. The deposition testimony also indicated that this license was never actually used to write an insurance policy in Georgia, even if that activity was possible by virtue of holding that license. (Id.) These and other contacts are too tangential and sporadic to subject Defendants to general personal jurisdiction for absolutely any type of claim in the state of Georgia.

Because Defendants are not subject to general jurisdiction, this Court will now determine whether any aspect of the Georgia Long-Arm Statute will permit the exercise of specific personal jurisdiction in this case. The Georgia Long-Arm Statute provides for jurisdiction "as to a cause of action arising from any of the acts [or] omissions, . . . enumerated" in the statute. O.C.G.A. § 9-10-91. Georgia courts applying this language have required that "the cause of action arise[] from or [be] connected with the act or transaction." ATCO Sign & Lighting Co. v. Stamm Mfg., 298 Ga. App. 528, 529 (2009); accord Gateway Atlanta Apartments v. Harris, 290 Ga. App. 772, 779 (2008). The statute operates with subsections that specify the

types of activities that subject nonresidents to personal jurisdiction in Georgia's courts. "The exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied. Diamond Crystal, 593 F.3d 1249, 1259. Although Georgia's statute contains six subsections providing for jurisdiction, only three appear to be potentially applicable to this case:

> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . . .

O.C.G.A. § 9-10-91.

Subsection (1) has recently been reinterpreted by the Supreme Court of Georgia. Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, 279 Ga. 672 (2005). In the Innovative Clinical decision, the court applied a "literal construction" of the "plain and unambiguous statutory language" and concluded that O.C.G.A. § 9-10-91(1) "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State . . . only to the maximum extent permitted by procedural due process."

8

Innovative Clinical, 279 Ga. at 675 (emphasis added). However, the Eleventh Circuit has announced that "the Georgia long-arm statute does not grant Courts in Georgia personal jurisdiction that is coextensive with procedural due process." Diamond Crystal, 593 F.3d at 1259. Under this modern interpretation of this subsection, the exercise of jurisdiction is proper if

> (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

Aero Toy Store, LLC v. Grieves, 279 Ga. App. 515, 517-18 (2006) (emphasis added). Because modern business is often transacted using methods other than physical presence, intangible or electronic contacts can serve as the basis for personal jurisdiction. Innovative Clinical, 279 Ga. at 676. Accordingly, the Georgia Long-Arm Statute places requirements on the exercise of personal jurisdiction above the minimum requirements of due process. Diamond Crystal, 593 F.3d at 1261. However, while the exercise of personal jurisdiction under Georgia's Long-Arm Statute must be consistent with due process, satisfying due process is not alone sufficient to subject a defendant to personal jurisdiction under that statute—other preconditions are required.

9

Subsection (1) of the Georgia Long-Arm Statue places a requirement that a defendant be "literally transacting business within Georgia," an additional requirement above the due process analysis. Diamond Crystal, 593 F.3d at 1261. Plaintiffs have not shown that Defendants transacted any business relevant to this dispute in Georgia. Also, nothing in the record demonstrates that the insurance contract at issue is in any way connected to Georgia. The only relationship appears to be the underlying case in this district mentioned above. However, this does not constitute "transacting business" within the meaning of the Georgia Long-Arm Statute. Nearly all of the contacts that Plaintiff has presented have only a tenuous, if any, connection to the interpretation of a contract for Defendants' professional errors and omissions insurance.[2]

Indeed, "finding that such a tenuous relationship between" Defendants contacts with this state and the interpretation of its professional malpractice insurance policy "would not only contravene the fairness principles that permeate the jurisdictional due process analysis, but would also interpret the requirement so broadly as to render it virtually meaningless." Sol Melia, SA v. Brown, 301 Ga. App. 760, 765

---

[2] As an example, Defendants' travel to Georgia to purchase unrelated trailers has no connection with professional liability.

(2009). Plaintiff has not demonstrated any business transaction in Georgia that is related to this case, which seeks an interpretation of the insurance contract. Accordingly, subsection (1) cannot be the foundation for personal jurisdiction over Defendants, even if, without deciding the issue, assertion of personal jurisdiction may be consistent with due process. See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, ____, 2010 U.S. App. LEXIS 18690, at *11-*16 (10th Cir. 2010) (finding personal jurisdiction in a similar situation where the applicable state Long-Arm statute authorized jurisdiction to "the full extent of the federal constitution").

Plaintiff also contends that Defendants are subject to personal jurisdiction on the basis of subsections (2) and (3) of the Georgia Long-Arm Statute. The Eleventh Circuit has extended its conclusion that subsection (1) of the statue is not coextensive with due process to every other subsection of the Georgia Long-Arm Statute as well. Diamond Crystal, 593 F.3d at 1261. This conclusion is consistent with the "literal construction" of subsection (2) by the Georgia Supreme Court in Innovative Clinical, 279 Ga. at 673-74 (emphasis added), when it explained that this subsection only allows a court to "exercise personal jurisdiction over a nonresident who commits a tortious act or omission within this State." Plaintiffs have not alleged

11

that Defendants committed a tortious act or omission inside the territorial boundaries of Georgia with respect to the underlying case. Instead, any tort Defendants committed that caused <u>injury</u> in this state occurred while Defendants were in Florida. See <u>Gust v. Flint</u>, 257 Ga. 129, 130 (1987) ("The rule that controls is our statute, which requires that an out-of-state defendant <u>must do certain acts within the State of Georgia</u> before he can be subjected to personal jurisdiction. Where, as here, it is shown that no such acts were committed, there is no jurisdiction.") (emphasis added). Moreover, the connection between that tort and the interpretation of an insurance contract that may provide indemnification and defense for that tort are not sufficiently related.

Finally, subsection (3) states that a defendant is subject to personal jurisdiction in Georgia if that defendant "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor <u>regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state</u>." O.C.G.A. § 9-10-91(3) (emphasis added). Plaintiff has not established any regular pattern of business in Georgia by Defendants or provided any financial statistics or figures regarding revenue Defendants

derive from Georgia. Even though the threshold required for general personal jurisdiction is substantially higher than that required to satisfy this subsection, it is the same lack of evidence that precludes this Court's assertion of jurisdiction under this subsection as well. Even assuming, without deciding, that Plaintiff could satisfy the act or injury requirements and that those events were sufficiently related to the instant case, Plaintiffs have not established the emphasized quantitative aspects required for the assertion of personal jurisdiction under Georgia law. Therefore, subsection (3) cannot be the basis of personal jurisdiction.

## CONCLUSION

True, Defendants are also before this Court in another case involving closely related subject matter.[3] (Doc. 25, Attach. 1 at 6.) However, the Court cannot substitute convenience for the requirements of the Georgia Long-Arm Statute, which constrains this Court's exercise of jurisdiction in a case founded on diversity of citizenship. Even though subsection (1), O.C.G.A. § 9-10-91(1), has been recently re-interpreted, Plaintiff has not demonstrated how the insurance contract that is the basis

---

[3] In the underlying case, the issue of personal jurisdiction was not litigated because Defendants never objected to the assertion of personal jurisdiction or filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(2). Accordingly, any defense to lack of personal jurisdiction in that case is now waived. Fed. R. Civ. P. 12(h)(1).

for this case is in any way related to some act, omission, or transaction that sufficiently relates to Georgia. Subsections (2) and (3), O.C.G.A. § 9-10-91(2)-(3) are also inapplicable as discussed above. The Defendants are also are not subject to general personal jurisdiction in Georgia. Therefore, this Court cannot exercise personal jurisdiction over Defendants in this case. Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED,** and Defendants Jake Kanonitz and Kannon & Kannon Insurance, Inc. are **DISMISSED** from this case. The Plaintiff is **DIRECTED** to brief and show cause, within **twenty-five days,** why this case should proceed in this Court without these Defendants.

SO ORDERED this 12th day of November 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

14